UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 20-cv-1859

| | |
|---|---|
| Brian and Rebecca Stuckey, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Gislason & Hunter LLP,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiffs Brian and Rebecca Stuckey (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action complaint for damages against Defendant Gislason & Hunter LLP (hereinafter "Defendant Gislason") for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

1. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. The Court has personal jurisdiction over Defendant Gislason because Defendant Gislason conducts substantial business in Minnesota, Defendant Gislason is registered to do business in Minnesota, and the acts alleged herein originated in this District.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs reside in this District and Defendant Gislason conducts substantial business in this District.

## PARTIES

4. Plaintiffs are residents of the state of Minnesota, city of Pine City, county of Pine. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Gislason is a law firm and debt collection agency incorporated under the laws of the state of Minnesota, is licensed to do business in the state of Minnesota, with a principal place of business located at 701 Xenia Avenue South, Suite 501, Minneapolis, MN  55416. Defendant Gislason regularly attempts to collect consumer debts alleged to be due to another. Defendant Gislason uses instrumentalities of interstate commerce for the principal purpose of collecting debts. Defendant Gislason is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Worley v. Engel,* Case No. 17-CV-1105-PAM/SER (D.Minn. Jul. 18, 2017).

## FACTUAL ALLEGATIONS

6. On December 12, 2014, Plaintiffs secured a $63,063.00 home mortgage loan, loan number 44XXX, from Northwoods Bank of Minnesota ("Northwoods Bank").

7. Sometime thereafter, Plaintiffs fell behind on their payments on the home mortgage loan.

8. On April 10, 2018, Plaintiffs filed their Voluntary Chapter 7 Petition in the United States Bankruptcy Court District of Minnesota. *See,* Case No. 18-50246-RJK.

9. In their petition, Plaintiffs listed Northwoods Bank as a creditor with a secured claim against them relating to loan number 44XXX, totaling $53,349.00.

10. On April 13, 2018, the Bankruptcy Noticing Center provided Official Form 309A—Notice of Chapter 7 Bankruptcy Case to Northwoods Bank via first class mail to the scheduled address. It was not returned as undeliverable.

11. On July 24, 2018, the Honorable Robert J. Kressel entered an order of discharge, effectively discharging Plaintiffs of their debt to Defendant and various other creditors.

12. On July 27, 2018, the Bankruptcy Noticing Center provided to Northwoods Bank via first class mail. It was not returned as undeliverable.

13. Thereafter, Plaintiffs worked to repair their credit from the damage caused by the bankruptcy.

14. On September 16, 2019, Plaintiff Brian Stuckey filed a lawsuit against Northwoods Bank. *See Stuckey v. Northwoods Bank*, USDC 19-cv-2525 JNE//LIB, for alleged violations of the Fair Credit Reporting Act.

15. Sometime thereafter September 2019, Northwoods Bank hired Defendant Gislason to defend it against Plaintiffs in the *Stuckey v. Northwoods Bank* action.

16. On or about February 11, 2020, Defendant Gislason caused to be mailed to Plaintiffs via certified mail a letter of Notice of Default of Note and Mortgage, which included a Preforeclosure Notice despite knowing that Plaintiff Brian Stuckey was represented by an attorney.

3

17. Defendant Gislason's February 11, 2020, Preforeclosure Notice communication states, in pertinent part:

**PREFORECLOSURE NOTICE**

*Foreclosure Prevention Counseling*

**Why You Are Getting This Notice**

We do not want you to lose your home and your equity. Government-approved nonprofit agencies are available to, if possible, help you prevent foreclosure.

*We have given your contact information to an authorized foreclosure prevention counseling agency to contact you to help you prevent foreclosure.*

**Who Are These Foreclosure Prevention Counseling Agencies**

They are nonprofit agencies who are experts in housing and foreclosure prevention counseling and assistance. They are experienced in dealing with lenders and homeowners who are behind on mortgage payments and can help you understand your options and work with you to address your delinquently. They are approved by either the Minnesota Housing Finance Agency or the United States Department of Housing and Urban Development. They are not connected with us in any way.

**Which Agency Will Contact You**

> LSS Financial Counseling
> ATTN: Foreclosure Counselor
> 424 West Superior Street, Suite 600
> Duluth, MN  55802
> Phone:  (888) 577-2227
> Website:  http://www.lssmn.org/Foreclosure-Prevention/

You can also contact them directly.

A copy of the February 11, 2020, letter and attached Preforeclosure Notice is attached hereto as Exhibit 1.

18. Defendant Gislason disclosed Plaintiffs personal information to a third-party financial counseling firm in direct and complete violation of 15 U.S.C. § 1692c(b).

19. 15 U.S.C. § 1692c(b) reads:

   **(b) Communication with third parties**
   Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

20. Defendant Gislason as the debt collector for Northwoods Bank could not communicate with a third-party, specifically the foreclosure prevention counseling agencies.

21. Defendant Gislason's disclosure of Plaintiffs' debt to LSS Financial Counseling was in violation of 15 U.S.C. § 1692c(b).

22. Defendant Gislason also violated 15 U.S.C. § 1692c(a)(2) as it knew Plaintiff Brian Stuckey was represented by an attorney. *See Ojogwu v. Rodenburg Law Firm*, 2020 WL 4548282 (D. Minn. August 6, 2020).

23. As a result of Defendant Gislason's conduct, Plaintiffs suffered damages in the form of mental anguish and anxiety.

## CLASS ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure. The Class is defined as follows:

5

> *All consumers from whom Defendant Gislason attempted to collect a consumer debt by using the same or substantially the same communication letter as was sent to Plaintiffs and attached hereto as Exhibit 1 from one year prior to the filing of this action.*

25. The Class shall be subject to the following exclusions, the above criterion notwithstanding: (1) counsel for Plaintiffs and the Class; (2) counsel for Defendant Gislason; (3) the assigned Judge, Magistrate Judge, and their clerks and staff.

26. This action may properly be maintained as a class action as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23(a)-(b) of the Federal Rules of Civil Procedure for certification.

## Numerosity

27. The attached Exhibit 1 is a form letter and notice and therefore Defendant Gislason regularly and routinely discloses consumer's debts to third-parties not permitted by law.

28. It is plausible that Defendant Gislason subjected a large number of consumers to the same or substantially similar conduct.

29. Therefore, it is plausible that joinder of all these customers into a single lawsuit would be impracticable.

30. The exact number of class members is unknown at this time but, upon information and belief, exceeds 40.

31. However, the exact number of class members, as well as their identities, is readily ascertainable through appropriate discovery, including, but not limited to, Defendant Gislason's business records.

**Commonality**

32. All members of the Class have had their rights violated by Defendant Gislason in the same manners.

33. Common questions of law and fact exist as to the Class such as:

    a) Whether Defendant Gislason regularly and routinely sends out letters similar to Exhibit 1;

    b) Whether Defendant Gislason notifies foreclosure prevention counseling agencies of consumers' debts and obligations;

    c) Whether or not such conduct constitutes a violation of 15 U.S.C. § 1692c(b);

    d) Whether or not Defendant Gislason's conduct was willful or committed with reckless disregard and negligent; and

    e) Whether Defendant Gislason sends letters to consumers similar to Exhibit 1 and does so in an attempt to collect upon debts.

34. Common evidence will be used to resolve the claims asserted by the Class, such as:

    a) Defendant Gislason's policies and procedures regarding the means and manner of sending notices similar to Exhibit 1;

    b) Defendant Gislason's policies and procedures regarding notification and/or communication of foreclosure prevention counseling agencies of consumer's debts;

    c) A list of the consumer debtors that Defendant Gislason has mailed notices similar to the attached Exhibit 1; and

    d)     A list of consumer debtors that Defendant Gislason has notified and communicated with foreclosure prevention counseling agencies of consumer's debts.

35. These common questions of law and fact predominate over any questions affecting individual class members and the answers to these common questions of law and fact will advance the adjudication of the litigation as to all class members.

### Typicality

36. Plaintiffs' claims are typical of the claims brought by the Class.

37. Plaintiffs' claims and the claims brought by the Class arise from Defendant's same conduct.

38. Accordingly, if brought and adjudicated individually, the claims would require proof of the same substantive facts.

39. Any defenses that Defendant Gislason may have regarding liability or quantum of damages with respect to Plaintiffs' claims would generally be applicable to the members of the Class.

### Adequacy

40. Plaintiffs bring this lawsuit with the intention of stopping Defendant Gislason's unlawful practices and to recover for all of its customers affected.

41. Plaintiffs will fairly and adequately protect the interests of all members of the Class.

42. Plaintiffs' counsel, Thomas J. Lyons Jr., Esq., the Consumer Justice Center, P.A., practices exclusively in the area of consumer rights litigation, having brought both

numerous individual and class actions in United States District Courts around the country.

43. Plaintiffs and their counsel will continue to vigorously advocate on behalf of the members of the Class.

44. Neither Plaintiffs nor their counsel have an interest adverse to or in conflict with the interests of the members of the Class.

45. Plaintiffs and their counsel are committed to expending the time, energy, and resources necessary to successfully adjudicate this action on behalf of the Class.

## Risk of Inconsistent or Dispositive Adjudications

46. Certification is appropriate pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure because the prosecution of separate actions by individual class members would, as a practical matter, be dispositive of the interests of all class members or could substantially impair or impeded their ability to protect their interests.

47. Certification is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant Gislason has acted or refused to act on grounds generally applicable to the members of the Class.

## Superiority

48. Certification is appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as a class action is superior to all other available methods to fairly and efficiently adjudicate this action.

49. Individual claims by the class members are wholly impracticable as the costs of such would likely exceed what any individual class member has at stake.

50. Thus, the members of the Class have little interest in prosecuting any litigation given the small amounts at stake relative to the cost, risk, delay, and uncertainly of recovery.

51. Concentrated litigation would permit similarly situated persons to prosecute their common claims efficiently, without unnecessary duplication of effort and expense and would, therefore, promote judicial economy.

52. The members of the Class had their rights violated by Defendant Gislason in the same manner.

53. Upon information and belief, few members of the Class are aware that Defendant Gislason's actions and inactions were wrongful.

54. The class notice mechanism provides an opportunity for members of the Class to learn of their rights and seek redress.

## TRIAL BY JURY

55. Plaintiffs are entitled to and hereby demand a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

56. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. On or about February 11, 2020, Defendant Gislason caused to be mailed to Plaintiffs via certified mail a letter of Notice of Default of Note and Mortgage, which included a Preforeclosure Notice.

58. In the February 11, 2020, communication Defendant Gislason stated that it had communicated Plaintiffs' alleged debt with a third-party in violation of 15 U.S.C. § 1692c(b).

59. By sending Exhibit 1 directly to Plaintiff Brian Stuckey, whom it knew was represented by counsel, was in violation of 15 U.S.C. § 1692c(a)(2).

60. Defendant Gislason's violations of 15 U.S.C. § 1692c(b) and § 1692c(a) renders Defendant Gislason liable for Plaintiffs' actual damages, statutory damages, as well as the costs and attorney's fees incurred in bringing this action, pursuant to 15 U.S.C. 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered as follows:

- Certify this action as a class action;
- Appoint Plaintiffs as the Class representatives and their attorney as Class counsel;
- Enter judgment in favor of Plaintiffs and the Class, and against Defendant Gislason, for damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a); and
- Grant such other and further relief as this Court may deem equitable and just.

Dated this 27th day of August 2020.

                    Respectfully submitted,

                    By: <u>s/Thomas J. Lyons Jr.</u>

                    Thomas J. Lyons, Jr., Esq.
                    Attorney I.D. #: 249646
                    **CONSUMER JUSTICE CENTER, P.A.**
                    367 Commerce Court
                    Vadnais Heights, MN 55127
                    Telephone: (651) 770-9707
                    Facsimile:  (651) 704-0907
                    Email: tommy@consumerjusticecenter.com

                    ***ATTORNEY FOR PLAINTIFFS***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Brian Stuckey, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*s/Brian Stuckey*
Brian Stuckey

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Rebecca Stuckey, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*s/Rebecca Stuckey*
Rebecca Stuckey