UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian and Rebecca Stuckey, | Civ. No. 20-1859 (PAM/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Gislason & Hunter LLP, | |
| Defendant. | |

This matter is before the Court on Defendant's Motions to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiffs Brian and Rebecca Stuckey obtained a home loan of $63,063.00 through Northwoods Bank in 2014. (Am. Compl. (Docket No. 12) at ¶ 7.) In 2018, Plaintiffs filed for bankruptcy and listed Northwoods Bank as a creditor with a secured claim of $53,349.00 on their home-mortgage loan. (Id. ¶ 10.) The Bankruptcy Court entered an Order of Discharge on July 24, 2018, and Northwoods Bank was notified of that Order. (Id. ¶¶ 11-13.)

In 2019, Mr. Stuckey filed a lawsuit against Northwoods Bank for violating the Fair Credit Reporting Act, and the Bank hired Defendant Gislason & Hunter LLP to represent it. Stuckey v. Northwoods Bank of Minnesota, No. 19cv2525-NEB-LIB (D. Minn. 2019). (Id. ¶ 15.) The Bank also hired Defendant to collect the debt from the Stuckeys. (Id. ¶ 17.) On February 11, 2020, Defendant initiated a nonjudicial foreclosure by mailing Plaintiffs a letter with Notice of Default of Note and Mortgage, which included a preforeclosure

notice. (Id. ¶ 18.)

This lawsuit concerns that letter and preforeclosure notice, which informed Plaintiffs that Northwoods Bank had retained Defendant to collect the $53,847.27 debt for defaulting on their home-mortgage loan. As relevant here, the notice also stated:

> The Creditor is aware that you filed bankruptcy and that you may have received a discharge. The sole purpose of this notice is to comply with legal requirements of a preforeclosure notice prior to the enforcement of the mortgage which secured payment of the debt; Creditor does not seek to collect the debt as a personal liability of the borrower.

(Notice (Docket No. 12-1) at 2.) Additionally, the notice explained that Defendant had provided Plaintiffs' contact information to an authorized foreclosure-prevention counseling agency. (Id. at 3.)

The Amended Complaint raises a single claim contending that the letter and preforeclosure notice violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[1] Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6), arguing that it is not a debt collector under the FDCPA's primary-purpose definition, and therefore is not subject to the FDCPA's requirements. Defendant further contends that Plaintiffs have not pleaded sufficient facts to show that it is a debt collector under even the limited-purpose definition found in 15 U.S.C. § 1692f(6).

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] Plaintiffs purport to represent a class of similarly situated individuals, but Plaintiffs have not yet moved for class certification.

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true.  Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.  At this stage, the Court assumes the allegations in the Complaint are true and views them in the light most favorable to Plaintiffs.  See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

The FDCPA defines debt collectors as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  It also provides that for purposes of § 1692f(6), debt collectors also include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  Id.  The Supreme Court recently held that entities falling into the latter category, so-called limited-purpose debt collectors, are not subject to all of the FDCPA's restrictions on debt collection.  Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1038 (2019) ("those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act").

3

Because the FDCPA has a limited-purpose exception for security-interest enforcers in nonjudicial foreclosure proceedings, the Act "must also exclude the legal means required to do so." Id. at 1039–40.  In other words, when law firms or other security-interest enforcers carry out the steps required by state nonjudicial-foreclosure laws, the security-interest enforcers do not "transform . . . into debt collector[s] subject to the main coverage of the Act." Id. at 1040.  Minnesota has such a nonjudicial-foreclosure law, which requires a creditor to notify a borrower that it is initiating a nonjudicial foreclosure.  Minn. Stat. § 47.20, subd. 8(3).

Despite Obduskey, Plaintiffs first contend that Defendant is a debt collector under § 1692a(6) because Defendant's notice sought to collect more money than the secured-claim amount that Plaintiffs owed on their home-mortgage loan.  The notice listed the debt amount as $53,847.27, which Plaintiffs allege was $4,242.76 more than the Bank's secured interest in the loan.  (Am. Compl. ¶¶ 23-24.)  Nevertheless, the Amended Complaint also states that Plaintiffs "listed Northwoods Bank as a creditor with a secured claim against them relating to [their home mortgage] loan, totaling $53,847.27" in their bankruptcy proceeding.  (Id. ¶ 10.)  Because Plaintiffs' pleading provides no explanation for the contradicting secured-claim amounts, and indeed lists the secured-claim amount as $53,847.27, their argument that Defendant sought to collect more the secured-claim amount fails.

Plaintiffs further allege that Defendant's notice violated the FDCPA in two ways.  Plaintiffs contend that Defendant violated § 1692c(a)(2) by sending the preforeclosure notice directly to them when Defendant knew that Mr. Stuckey had retained counsel to

4

represent him in the lawsuit against Northwoods Bank.  However, Defendant stated in the letter that the notice was sent in compliance with Minnesota Statute § 47.20.  (Notice at 1.)  Defendant also copied Mr. Stuckey's counsel on the letter; thus, Defendant did not mislead Plaintiffs or hide any information from Mr. Stuckey's counsel, as the FDCPA prohibits primary-purpose debt collectors from doing.  The notice additionally acknowledged the bankruptcy proceedings and explained that the notice was not an attempt to collect on any debt personally from Plaintiffs.  (Id. at 2-3.)  Plaintiffs cite no post-Obduskey authority supporting their position that Defendant was acting as a primary-purpose debt collector in a nonjudicial foreclosure, and their argument is unavailing.

Plaintiffs also argue that Defendant violated the FDCPA by notifying a foreclosure-prevention agency of their debt, because the FDCPA prohibits debt collectors from communicating with third parties "without the prior consent of the consumer given directly to the debt collector."  15 U.S.C. § 1692c(b).  However, Minnesota law requires that debt collectors "transmit the homeowner's name, address, and telephone number to an approved foreclosure prevention agency."  Minn. Stat. § 580.021, subd. 2(2).  This is precisely the situation contemplated in Obduskey—Defendant contacted a foreclosure-prevention agency to comply with state law.  See Obduskey, 139 S. Ct. at 1040.  Moreover, Plaintiffs again provide no facts or law to support their contention that Defendant is a primary-purpose debt collector in the first instance, and do not allege sufficient facts to support that Defendant was violated the FDCPA in its role as a limited-purpose debt collector.  Therefore, Plaintiffs fail to state a valid FDCPA claim.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant Gislason & Hunter LLP's Motion to Dismiss (Docket No. 14) is **GRANTED**; and

2. The Amended Complaint (Docket No. 12) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 12, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge